UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS L. SPEARMAN,

    Plaintiff,
v.

MICHIGAN, STATE OF, et. Al.,

    Defendants,
_____/

Civil Action No. 2:17-CV-12805
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT

## OPINION AND ORDER DISMISSING THE CASE WITHOUT PREJUDICE AND DIRECTING DIRECTING CLERK OF THE COURT TO RETURN ANY FEES COLLECTED FROM PLAINTIFF

### I. Introduction

The Court has before it Plaintiff Rufus L. Spearman's *pro se* case, in which he seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. For the reasons stated below, the Court dismisses plaintiff's action without prejudice to him filing a properly filed complaint or complaints with respect to the constitutional violations that he alleges in his complaint.

### II. Background

Plaintiff has filed three hundred and sixty seven pages worth of pleadings, including numerous exhibits. Plaintiff's complaint and attached exhibits allege violations occurring while plaintiff was incarcerated at the Huron Valley

1

Correctional Facility, the Alger Correctional Facility, the Marquette Branch Prison, the Chippewa Correctional Facility, the Baraga Correctional Facility, the Woodland Correctional Facility, the Gus Harrison Correctional Facility, and the Macomb Correctional Facility. [1] Four of these prisons (Chippewa, Baraga, Alger, and Marquette) are all located in the Western District of Michigan. Plaintiff failed to provide copies of his documents for service upon the named defendants.

### III. Discussion

Plaintiff's action is subject to dismissal for several reasons.

First, plaintiff's complaint is subject to dismissal, because plaintiff has failed to comply with the pleading requirements of Fed. R.Civ. P. 8. Fed.R.Civ.P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct." Plaintiff's

---

[1] Some of the prisons are referred to by plaintiff only by their acronyms. The Court learned the names of the actual prisons that correspond to these acronyms through the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

lengthy and voluminous complaint is subject to dismissal for failing to comply with the dictates of Fed. R. Civ. P. 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982)(Table); *See also Payne v. Secretary of Treas.*, 73 F. App'x. 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

A second reason for dismissal of the action is that plaintiff appears to be attempting to join together unrelated causes of action and defendants from nine different prisons, only five of which are even located in the Eastern District of Michigan. [2] Plaintiff's attempt to join together a number of unrelated claims and defendants into one action could thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. See 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28

---

[2] It is unclear whether venue would even be proper in this district for those alleged constitutional violations that occurred at the four prisons located in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).

(5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998).

The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903, * 3 (N.D.Tex. Aug. 28, 1998). Other courts have reached similar conclusions. *See Brown v. Blaine,* 185 F. App'x. 166, 168-69 (3rd Cir. 2006)(allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Shephard v. Edwards,* 2001 WL 1681145, * 1 (S.D. Ohio August 30, 2001)(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and

4

clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000)(denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule); *Cf. Proctor v. Applegate,* 661 F. Supp. 2d 743, 777 (E.D. Mich. 2009)(refusing to allow the joinder in a single multi-plaintiff complaint of a variety of claims, because "[E]ach separate claim by each plaintiff will require a particularized analysis regarding statute of limitations, exhaustion of administrative remedies, and on the substance."). *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993)(Permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder).

Plaintiff's complaint is also subject to dismissal because plaintiff has failed to provide the requisite copies of his complaint for service upon the named defendants, which undoubtedly was made more difficult by the length of the complaint and the attached exhibits. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D.

Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Magistrate Judge R. Steven Whalen, in fact, signed an Order of Deficiency requiring plaintiff to provide the requisite number of copies of the complaint. The M.D.O.C. has a policy regarding the copying of court pleadings, whereby an inmate's prison account is debited for the cost. *See Laster v. Pramstaller,* No. 2009 WL 482701, * 1 (E.D. Mich. Feb. 25, 2009). Plaintiff is not entitled to an order directing the M.D.O.C. to make copies for plaintiff because he does not allege that he has requested the prison where he is incarcerated to copy his pleadings, pursuant to that M.D.O.C. policy. *Id.*

In light of the number of the deficiencies in this case, as well as the fact that it is unclear whether plaintiff could even maintain an action for some of these claims in this district, the Court will dismiss the action without prejudice.

Finally, because plaintiff is proceeding *pro se* and may not have intended to bring a single action against all of these defendants, the Clerk of the Court is directed to return any filing fees that they have received from plaintiff. *See e.g. Ahmad v. Grant*, 2010 WL 2756499, at * 2 (E.D. Mich. July 12, 2010).

Accordingly, the Court DISMISSES WITHOUT PREJUDICE that action filed by plaintiff. The dismissal is without prejudice to plaintiff filing the proper complaint or complaints in the appropriate district court or courts.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT JUDGE

DATED: December 13, 2017